UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In Re:

RICHARD HALSTEAD and
SANDRA HALSTEAD,

       Debtors

_____ /

Case No.: 12-66833
Chapter 13
Hon. Walter Shapero

## OPINION DISALLOWING PROOFS OF CLAIM

Debtors' filed their original Schedule F on December 11, 2012, and their Amended Schedule F on February 21, 2013. Both Schedules listed Botsford Hospital as an unsecured creditor of Mrs. Halstead (but not Mr. Halstead) in the amount of $300.04. Neither Schedule stated whether the claim was contingent, liquidated, or disputed. The claims filing deadline was April 29, 2013. The subject debt stems from medical services that were provided by Botsford Hospital to Mrs. Halstead in 2009.

Claim # 1 is an amended claim filed June 11, 2013, by Quantum3 Group, LLC, as agent for CF Medical LLC ("Quantum3") for $300.04, which refers to a Botsford Hospital account and medical debt of January 20, 2009. It is Quantum3's contention that CF Medical LLC authorized it to pursue this matter on its behalf, by way of some agency or servicing agreement. Attached to the claim is an affidavit of an employee of Botsford Hospital attesting to the amount of the account and stating the account was sold to CF Medical LLC on November 15, 2011 and completely assigned to that entity. Also attached is a document entitled "Bankruptcy Rule 3001(c) Account Information," (form B10 of the Official Forms), which lists the Botsford Hospital Account Number, the Debtors' name(s) and last four digits of their SSN, the service

1

date and last transaction date, and the balance, indicating the $300.04 with no interest, fees or costs, and the name and address of Quantum3 and its phone number and uniform claim identifier. The claim is signed by someone identifying himself as an "Authorized Agent" for the filing Creditor, Quantum3. Claim #2 is an amended claim for $447.32, which, except for the service date of February 9, 2009, and the indicated amount, mirrors claim #1 in all other respects. Claim #3 is an amended claim for $50.00, which, except for the service date of January 5, 2009, and the indicated amount mirrors claim #1 in all other respects.

The Debtors' objections to the original claims were filed on February 26, 2013, and the amended claims were, as noted, filed on June 11, 2013. The amended claims differ only in that the referred-to affidavits of the Botsford employee were attached in addition. Debtor objected, saying the filed claims do not meet the mandatory requirements of Fed.R.Bankr.P. 3001(c) in that they (a) are not supported by written evidence of a contract establishing the debt; (b) do not include verification of ownership of the debt and its assignment; (c) do not include the required "account summary;" and (d) are otherwise incomplete and non-compliant with the Rule. Therefore, Debtors argue the claims should be disallowed.

The Court held an initial hearing on the objections and deemed the proofs of claim deficient. It entered an interim order requiring Quantum3 to present evidence of the following at an evidentiary hearing on August 7, 2013: (a) the assignment of the claim by Botsford Hospital to CF Medical LLC; and (b) the agency agreement between CF Medical LLC and Quantum3. At the evidentiary hearing, Quantum3 did not produce either document, and relies on the proofs of claim as submitted. The applicable rule provisions that govern this particular situation are those that say: (a) when a claim is based on a writing, a copy of the writing shall be filed with the proof

2

of claim (and if the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim). Fed.R.Bankr.P. 3001(c)(1); and (b) where the claim was transferred before the proof of claim was filed, it must be filed by the transferee. Fed.R.Bankr.P. 3001(e)(1). In this Court's view, where the claim was assigned prior to its filing and the claim is filed not by the assignee, but by someone acting as its agent (such is the situation here), that claim is "based on a writing" and that writing, among other things required by the Rule, should include and consist of: (a) the written assignment; and (b) written evidence of the authority of the third party to act on behalf of the assignee. In this Court's view, ownership of the claim and the legal right to assert it are as much a part of the claim as the substance of the goods, services, or other considerations that give rise to the claim, at least for purposes of its payment to the correct party in the bankruptcy context. Support for that position is found in the following cases: In re Hughes, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004) ("In the event the claimant is an assignee of a debtor's original creditor, a claimant must attach a signed copy of the assignment and sufficient information to identify the original credit card account."); In re Kirkland, 572 F.3d 838 (10th Cir. 2009); In re Burkett, 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005) ("for allowance purposes, the proof of claim need only be sufficient to establish the validity, ownership and amount of that claim."); In re Armstrong, 320 B.R. 97, 106 (Bankr. N.D. Tex. 2005) ("The failure to attach the transfer documents and a statement or statements with the required information will result in the loss of the proof of claim's prima facie validity[.]"). To the extent such cases are inconsistent with In re Groman 2013 Bankr. LEXIS 2107 (Bankr. E.D. Tenn. 2013), which is relied upon by Quantum3, this Court respectfully disagrees with the latter.

A creditor has a minimal burden to provide such documentation evidencing the assignment or agency agreement (i.e. its authority to file the proof of claim). Aside from the referred-to affidavits of the Botsford Hospital employee, and despite having been given the opportunity to produce such documents, no such documents were put into evidence. Under the applicable rule where, as here, there was an assignment of the claim prior to its filing, the proof of claim may be filed only by the transferee. Fed.R.Bankr.P.3001(e)(1). The transferee and owner of the claims here may very well be CF Medical LLC. What the Court sought, and what Quantum3 failed to produce was: (a) some writing evidencing the assignment of the claim to CF Medical LLC; and (b) some writing evidencing the relationship between Quantum 3 and CF Medical LLC authorizing the former to sign the claim on behalf of the latter. It produced neither and the lack of such outweighs the indicated affidavits (which do not in any event cover the matter of the purported agency between CF Medical LLC and Quantum3). One can infer that neither of such documents exist, particularly in light of the further fact that no explanation was given as to why such could not be produced. This is fatal to Quantum3's claims, because in the Court's view, the burden of proof, at least as to the issues of claim ownership and authority to sign the proof of claim, falls on Quantum3. Because it has not complied with Fed.R.Bankr.P. 3001(c), its claims are not allowed prima facie validity. Debtors have no evidentiary burden in objecting and, as a result, Quantum3 has the burden of proving the validity of its claims by a preponderance of the evidence. See In re Gilbreath, 395 B.R. 356, 364 (Bankr. S.D. Tex. 2008). Quantum3 simply has not met that burden. Accordingly, the three subject proofs of claim are disallowed.

Debtors requested that Quantum3 be ordered to pay Debtors' attorney fees and costs for what they call its "contemptuous default" of the Court's prior order. Although Quantum3 was unable or unwilling to provide the required evidence, the circumstances do not warrant such relief. Debtors' request for attorney fees and costs is denied.

The Court is contemporaneously entering an appropriate order.

**Signed on September 13, 2013**

                                          **/s/ Walter Shapero**
                                   **Walter Shapero**
                                   **United States Bankruptcy Judge**